EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
PETER BIBRING: SBN 223981
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA  92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BAIER,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF SAN DIEGO; Sgt. ROSS BAINBRIDGE, in his individual capacity; Officer JORDAN WALLACE, in his individual capacity; Officer O. CERVANTES, in his individual capacity; Officer FITCH, in his individual capacity; Lt. ADAM T. SHARKI, in his individual capacity, and DOES 5-6 and 8, as individuals,<br><br>               Defendants. | Case No. 24cv0893 AJB VET<br><br>Hon. Anthony J. Battaglia<br><br>FIRST AMENDED COMPLAINT FOR:<br>1. ARREST WITHOUT PROBABLE CAUSE (42 U.S.C. §1983);<br>2. FALSE ARREST/FALSE IMPRISONMENT (CALIFORNIA STATE LAW);<br>3. ILLEGAL SEARCH AND SEIZURE IN VIOLATION OF FOURTH AMENDMENT (42 U.S.C. §1983);<br>4. RETALIATION (42 U.S.C. §1983);<br>5. VIOLATION OF CAL. CIVIL CODE §52.1 (BANE ACT);<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff, Edward Baier, alleges and complains as follows:

## I

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§1331 (federal question) and 42 U.S.C. §1983.

2.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3.      Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper in the Southern District of California.

4.      Plaintiffs have complied with Cal. Gov. Code §§800, *et seq.*

## II

## <u>PARTIES</u>

5.      Plaintiff Edward Baier is a lifelong resident of San Diego.  He is a photojournalist and sports and entertainment cameraman.  He works as a "stringer" (a freelance photojournalist who collects video of newsworthy events and distributes it to news organizations and media outlets, usually for a fee).  He is an advocate of the First Amendment.  He believes that citizens have a right to document the conduct of law enforcement and first responders in the field.  In support of this belief, he frequently travels to crime scenes, accidents, fires, and public events to document the conduct and interaction of police and fire personnel with citizens.  The police and first responders' desire and perceived need to control access to public events has led officials to impede, limit and prohibit Mr. Baier's ability to faithfully record the truth.  His passionate pursuit of the story has led at times to disputes and conflict with officials.

6.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 5, 6, and 8, and therefore sues these defendants by such fictitious names.  Plaintiff shall amend this Complaint to include the true names and

FIRST AMENDED COMPLAINT

capacities of Does 5, 6, and 8 when the names are ascertained.  Plaintiff is informed and believes that all defendants, and each of them, are in some manner responsible for the events and happenings in this Complaint and have caused the injuries and damages alleged by Plaintiff, either directly or through vicarious liability as agents or operators of defendants.

7.      Defendants Wallace, Bainbridge, Cervantes, Fitch, Sharki and Does 5, 6, and 8 (collectively "Officer Defendants"), are agents, employees, supervisors, employers, servants, principals, or officers of City of San Diego ("City"), and each was at all times alleged herein acting within the course and scope of his or her employment and with the express authority, ratification, knowledge and consent of his or her employer and/or supervisor.  City and the Officer Defendants were in some way responsible for the harm that was sustained by Plaintiff as alleged herein and/or cooperated and/or facilitated or contributed to the harm suffered by Plaintiff as alleged herein.  City and the Officer Defendants also knew and/or should have known and/or were put on notice of the actions of each and every other of the Officer Defendants which caused harm either directly or indirectly to Plaintiff as herein alleged and failed/ refused to take action to prevent the harm alleged herein from occurring.

8.      The defendant previously named as Defendant Doe 1 has been identified as Ross Bainbridge, #6035, a San Diego Police Department ("SDPD") sergeant assigned to the Northern Division on the date of November 27, 2023.  He ordered Mr. Baier's arrest.

9.      The defendant previously named as Defendant Doe 2 has been identified as SDPD officer Jordan Wallace, #7739.  Officer Wallace is one of the officers who approached and arrested Mr. Baier on November 27, 2023, and transported him to Police Headquarters and then to jail.

10.    The defendant previously named as Defendant Doe 3 has been identified as SDPD officer Fitch. Officer Fitch is one of the officers who approached and arrested Mr. Baier on November 27, 2023.

11.    The defendant previously named as Defendant Doe 4 has been identified as SDPD officer O. Cervantes, No. 1916.  Officer Cervantes is one of the officers who approached and arrested Mr. Baier on November 27, 2023.

12.    Defendants Does 5 and 6 are San Diego police officers who searched Mr. Baier's van without legal cause, seized items from it and impounded it.

13.    The defendant previously named as Defendant Doe 7 has been identified as SDPD Lt. Adam T. Sharki, a lieutenant with SDPD's public information office.  Upon information and belief, Lt. Sharki consulted with Sgt. Bainbridge and officers Wallace, Cervantes, and Fitch on the facts and circumstances of Mr. Baier's arrest and approved and ratified their decision to arrest Mr. Baier and continue detaining him, and is jointly responsible for the illegal arrest and search in this case.

14.    Defendant Doe 8 is an SDPD Lieutenant who served as the field lieutenant over the incident during which Defendants arrested Mr. Baier and consulted with Sgt. Bainbridge and officers Wallace, Cervantes, and Fitch on the facts and circumstances of Mr. Baier's arrest and approved and ratified their decision to arrest Mr. Baier and continue detaining him. Defendant Doe 8 is jointly responsible for the illegal arrest and search in this case.

### III
### <u>FACTS</u>

15.    On November 27, 2023, Mr. Baier was driving south on Mission Bay Drive, parallel to Interstate 5, when he observed an SDPD helicopter circling the area.

FIRST AMENDED COMPLAINT

16.     As Mr. Baier drove closer to the area the helicopter was circling, he observed several SDPD vehicles parked on the offramp from southbound Interstate 5 to Clairemont Drive.

17.     Mr. Baier then entered Clairemont Drive from Mission Bay Drive and parked his van at the base of the bridge over Interstate 5.

18.     Mr. Baier started to record an incident occurring on the freeway with his cell phone camera from the public sidewalk on top of the bridge over Interstate 5.

19.     The incident was happening below Mr. Baier on and near the freeway.

20.     The incident involved a civilian on the ground who was handcuffed and surrounded by several police officers.

21.     There were two people next to Mr. Baier observing the incident, and several people walking on the sidewalk to cross the bridge.

22.     Mr. Baier did not at the time know the genesis of the incident, but later learned that the civilian had jumped from the bridge.  Mr. Baier saw a bloodied man in handcuffs surrounded by police officials when he began to record the incident.

23.     Traffic on Clairemont Drive was unobstructed and crossing the bridge in both directions and using all lanes.

24.     Approximately five minutes after Mr. Baier arrived, Defendant Sgt. Bainbridge arrived on the scene and saw Mr. Baier recording from the top of the bridge.

25.     Sgt. Bainbridge then sent one SDPD officer up a steep embankment to Mr. Baier's position on top of the bridge.

26.     Around that time, Mr. Baier left the bridge, entered his van and moved it approximately one block west of the original parking position where he parked.

FIRST AMENDED COMPLAINT

27.    Mr. Baier then walked back to his original position at the top of the bridge to continue recording the incident.

28.    No one ever spoke to Mr. Baier, even though the SDPD officers clearly saw him walking with his cell phone camera to the top of the bridge.

29.    Once Mr. Baier relocated to his original position, he continued to record the incident happening below.

30.    No one spoke to Mr. Baier while he was recording.

31.    Several SDPD officers, including Sgt. Bainbridge, were observing Mr. Baier recording the incident.

32.    Sgt. Bainbridge broadcast an order for officers Wallace, Cervantes, and Fitch to arrest Mr. Baier.

33.    Shortly after, SDPD officers Wallace, Cervantes, and Fitch, approached Mr. Baier from behind and told him that he was under arrest.

34.    Officers Wallace, Cervantes, and Fitch arrested Mr. Baier.

35.    Officers Wallace, Cervantes, and Fitch grabbed Mr. Baier's cell phone camera, causing the camera to shut off before any of the recording could be saved.

36.    Officer Cervantes searched Mr. Baier's person, and the officers impounded his camera, keys and personal documents.  Does 5 and 6 searched Mr. Baier's van and impounded it.  This search was without probable cause or any legitimate legal basis to justify the search.

37.    Mr. Baier asked Sgt. Bainbridge to speak to a lieutenant, the SDPD Public Information Officer and a captain (as per SDPD policy when a media member is arrested) and specifically mentioned Lt. Sharki at the Public Information Office.  Sgt. Bainbridge told Mr. Baier that he will let the Lieutenant know that Baier wants to speak with him and that "if he [the lieutenant] disagrees with what we're doing, then we'll take it from there."  Sgt. Bainbridge also told Baier, "I'll let Lt. Sharki know. Lt. Sharki and the field lieutenant." Upon information and belief, Sgt. Bainbridge did inform Lieutenant Doe 8 and Lt. Sharki

about the facts and circumstances of Baier's arrest, and Lieutenant Doe 8 and Lt. Sharki both approved and ratified the decision to arrest Mr. Baier and to continue detaining him.

38.    The SDPD officers held Mr. Baier more than an hour in the back of the police car, with his hands handcuffed behind his back.

39.    Officer Wallace then transported Mr. Baier to the downtown police headquarters.

40.    The police held Mr. Baier for forty (40) minutes at police headquarters.  Officer Wallace then transported him to the downtown County jail facility.

41.    Mr. Baier remained in custody for approximately sixteen (16) hours.

42.    Mr. Baier's vehicle was impounded.  He had to post bail and hire an attorney.

43.    No charges were ever filed against him.

**IV**

**FIRST CAUSE OF ACTION**
**False Arrest in Violation of the Fourth Amendment 42 U.S.C. §1983**
**[By Plaintiff against Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8]**

44.    Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein by reference.

45.    Mr. Baier had committed no crime.  He had a right to be where he had been and a right to record the events occurring in public involving public officials. In no way did Mr. Baier impede or hinder any police officer.  He did not violate any statute.

46.    The Fourth Amendment requires that police officers have probable cause to believe that a citizen has violated the elements of a criminal statute for a legal arrest.  Sgt. Bainbridge and officers Wallace, Cervantes, and Fitch had no

basis for effecting a custodial arrest of Mr. Baier because he had done nothing wrong.

47.    Sgt. Bainbridge and officers Wallace, Cervantes, and Fitch violated the Fourth Amendment by effecting a custodial arrest of Mr. Baier without probable cause.

48.    On information and belief, Lt. Sharki and Lieutenant Doe 8 were SDPD Lieutenants who ordered, counseled and urged Sgt. Bainbridge and officers Wallace, Cervantes, and Fitch to arrest Mr. Baier.

49.    Mr. Baier did not violate Penal Code §148, nor any other provision of the law.  No charges were ever filed for any alleged crime for which defendants falsely arrested Mr. Baier.

50.    As a consequence, Mr. Baier suffered damages in an amount to be established by proof at trial.

**V**

### SECOND CAUSE OF ACTION
**False Imprisonment/False Arrest**
**CALIFORNIA STATE LAW**
**[By Plaintiff against Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, Doe 8 and City of San Diego]**

51.    Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein by reference.

52.    False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege for an appreciable period of time, however brief.

53.    False imprisonment is the unlawful violation of the personal liberty of another.

54.    False arrest is one way of committing false imprisonment.

55.    Defendants Bainbridge, Wallace, Cervantes, and Fitch falsely arrested Plaintiff.  On information and belief, Lt. Sharki and Doe 8 advised, suggested, authorized, and ordered the arrest.

FIRST AMENDED COMPLAINT

56.     Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8 caused the arrest of Plaintiff, and intentionally confined him without lawful privilege or legal basis.

57.     The City of San Diego, as the employer of Defendant Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8, is liable under the principle of *respondeat superior* for their conduct as its employees within the course and scope of their employment.

58.     Pursuant to California Government Code 815.2 (a), a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative

59.     Plaintiff suffered damages in an amount to be established at trial.

## VI
### THIRD CAUSE OF ACTION
**Illegal Search and Seizure of Plaintiff's Van and Belongings
(42 U.S.C. §1983)
[By Plaintiff against Defendants Does 5 and 6]**

60.     Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein by reference.

61.     Defendants Does 5 and 6 searched Plaintiff's van without probable cause or other legal basis.

62.     Defendants Does 5 and 6 then seized and impounded the van, depriving Plaintiff of its possession and use, as well as the possession and use of the belongings in the van.

63.     Defendants Does 5 and 6 violated the Fourth Amendment by conducting a warrantless search without probable cause or other justification. Does 5 and 6 violated the Fourth Amendment by the warrantless and unjustified seizure and impoundment of the van and its contents.

- 8 -
FIRST AMENDED COMPLAINT

64.     Moreover, since Plaintiff was illegally arrested, these actions cannot be justified as searches and seizures incident to a lawful arrest, nor as lawful inventory searches.

65.     Plaintiff suffered damages in an amount subject to proof at trial.

## VII

### FOURTH CAUSE OF ACTION
### Retaliation in Violation of the First Amendment (42 U.S.C. §1983)
### [By Plaintiff against Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8]

66.     Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein by reference.

67.     Every citizen, including Mr. Baier, has the right to record public officials engaged in public conduct under the First Amendment.

68.     Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8 falsely arrested Mr. Baier in retaliation for his exercise of his First Amendment right to video the police conduct.  There was no probable cause to justify such an arrest.

69.     Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8 acted in order to impose hardship upon Plaintiff and to punish him for recording and for the exercise of his rights.

70.     Plaintiff suffered damages in an amount to be established at trial.

## VIII

### FIFTH CAUSE OF ACTION
### Violation of Civil Rights (Cal. Civ. Code §52.1, the Bane Act)
### [By Plaintiff against Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, Doe 8, and City of San Diego]

71.     Plaintiff realleges all previous paragraphs of this complaint and incorporates the same herein by reference.

72.     Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8 interfered by threats, intimidation, or coercion, with the exercise of enjoyment of

Edward Baier's rights secured by the Constitution or laws of the United States, and the Constitution and laws of the State of California.

73.    The First, Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution guarantee an individual's right to be free from unlawful arrest and unconstitutional retaliation for exercise of a First Amendment right.

74.    Plaintiff had a right to be free from the infliction of battery when defendants handcuffed him without a basis.  Defendants made offensive physical contact with Plaintiff without Plaintiff's consent which caused Plaintiff harm.  A reasonable person under the circumstances would have been offended by the touching.

75.    California Civil Code §43 confers a right to be secure in one's bodily integrity.

76.    By engaging in the acts alleged above, Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, Doe 8, and City of San Diego denied those rights to Plaintiff, thus giving rise to claims for damages pursuant to California Civil Code §52.1, the Bane Act.

77.    In so doing, Defendants acted with threats, intimidation and coercion. The use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute" a threat, intimidation or coercion.

78.    As a direct and proximate result of defendants' actions, as alleged herein, Plaintiff was injured as set forth above and is entitled to damages, including compensatory and punitive damages, in an amount to be proven at trial.

79.    California Government Code §815.2(a) provides that "a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would apart from this action have given rise to a cause of action against the employee."  Cal. Gov. Code §815.2(a).

80.     Thus, the City is responsible for compensation for the actions of Defendants Bainbridge, Wallace, Cervantes, Fitch, Sharki, and Doe 8.

## PRAYER FOR RELIEF

Plaintiff prays as follows:

1)      for an award of general and special damages according to proof at the time of trial;

2)      for punitive damages in an amount sufficient to punish and deter;

3)      for costs of suit and attorneys' fees; and

4)      for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to the Seventh Amendment of the U.S. Constitution and Rule 38, Federal Rules of Civil Procedure, demands a trial by jury.

Respectfully submitted,

IREDALE & YOO, APC

Dated:  September 17, 2025

*s/ Peter Bibring*

EUGENE IREDALE
JULIA YOO
PETER BIBRING
Attorneys for Plaintiff