# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EDWARD BAIER,

              Plaintiff,

    v.

CITY OF SAN DIEGO; Sgt. ROSS BAINBRIDGE, in his individual capacity; Officer JORDAN WALLACE, in his individual capacity; Officer O. CERVANTES, in his individual capacity; Officer FITCH, in his individual capacity; Lt. ADAM T. SHARKI, in his individual capacity, and DOES 5-6 and 8, as individuals,

              Defendants.

Case No.:  3:24-cv-00893-AJB-VET

**ORDER GRANTING JOINT MOTION TO AMEND CASE SCHEDULE AND SETTING DEADLINES TO MEET AND CONFER REGARDING THE DEPOSITION OF DEFENDANT SGT. ROSS BAINBRIDGE**

**[ECF No. 60]**

Before the Court is the parties' Joint Motion to Amend Case Schedule ("Joint Motion"). ECF No. 60. Therein, the parties move to continue all case deadlines prior to the Pretrial Motions cutoff. *Id.* In support, the parties represent that, despite their diligence in pursuing discovery, a key witness continues to be medically unavailable for deposition until August 3, 2026 at the earliest. *Id.* at 2-3. The parties further represent that they are engaged in ongoing productive settlement negotiations which they represent have a

1

"realistic chance of resolving the case." *Id.* at 3. This is the parties' fourth request to continue certain pretrial deadlines since the Court lifted the stay in this case on February 11, 2026. *See* ECF Nos. 43, 46, 52, 54, 57.

Based on a review of the Joint Motion and the record, and good cause appearing, the Court **GRANTS** the Joint Motion. **However, the Court cautions the parties that no further extensions will be granted**. As an individually named party, Sgt. Bainbridge must make himself available for deposition irrespective of whether he is on "industrial leave." To the extent "medical reasons" make it difficult to sit for deposition, the parties **SHALL** meet and confer **by no later than July 24, 2026** to discuss what, if any, accommodations are necessary to facilitate Sgt. Bainbridge's deposition. If the parties cannot reach agreement regarding any accommodations, or if Sgt. Bainbridge refuses or is unable to sit for deposition, **by no later than August 3, 2026,** the parties **SHALL** file a Joint Status Report informing the Court as to the parties' efforts to schedule Sgt. Bainbridge's deposition. The Court will promptly set a discovery conference.

The Court **ISSUES** the following Amended Scheduling Order:

**I.      AMENDED SCHEDULING ORDER**

1.      Counsel are directed to the Civil Case Procedures for the Honorable Anthony J. Battaglia and the Civil Chambers Rules for the Honorable Magistrate Judge Valerie E. Torres, accessible via the Court's website at www.casd.uscourts.gov.

2.      The parties must disclose the identity of their respective experts in writing by **August 21, 2026**. The date for the disclosure of the identity of rebuttal experts must be on or before **September 4, 2026**. On or before **September 4, 2026**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations must include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

3:24-cv-00893-AJB-VET

**The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705. This requirement is not limited to retained experts.**

Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

3.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served on all parties on or before **August 21, 2026**. Any contradictory or rebuttal information must be disclosed on or before **September 4, 2026**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

**This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the party regularly involve the giving of expert testimony.**

Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

4.    All fact discovery must be completed by all parties by **August 21, 2026**. All expert discovery must be completed by all parties by **September 25, 2026**. "Completed" means that all discovery under Fed. R. Civ. P. 30–36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed by the cut-off date**, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1.a.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures

3:24-cv-00893-AJB-VET

governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

5.      A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **September 15, 2026** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

a.      The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

b.      **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if

---

[1]   Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[2]   The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3]   Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain

3:24-cv-00893-AJB-VET

the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c.      **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

d.      **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the undersigned's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

e.      **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, professional attire, not be driving while speaking to the Court, or otherwise distracted).

6.      All other dispositive motions, *including those addressing Daubert and Fed. R. Civ. P. 702 issues*, must be filed on or before **October 8, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the

---

authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

3:24-cv-00893-AJB-VET

motion. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia. Be advised that Judge Battaglia requires the parties to meet and confer before most types of motions are filed. Please plan accordingly. Failure of counsel to timely request a motion date or comply with Judge Battaglia's Civil Case Procedures may result in the motion not being heard.

7. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **January 14, 2027**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

8. This Order replaces the requirements under Local Rule 16.1.f.2–3. No Memoranda of Law or Contentions of Fact are to be filed.

9. The parties must meet and confer on or before **January 21, 2027** and prepare a proposed pretrial order in the form as set forth in Local Rule 16.1.f.6.c.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

10. Counsel for Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **January 28, 2027**.

11. The proposed pretrial order must be lodged with Judge Battaglia's chambers on or before **February 4, 2027**, and must be in the form prescribed in Local Rule 16.1.f.6.

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** for Thursday, **February 11, 2027** at **2:00 p.m.**

13. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

3:24-cv-00893-AJB-VET

15.    Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five pages in length without leave of a district judge. No reply memorandum will exceed ten pages without leave of a district judge. Briefs and memoranda exceeding ten pages in length must have a table of contents and a table of authorities cited.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

**IT IS SO ORDERED.**

Dated: July 15, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

3:24-cv-00893-AJB-VET